IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. W-93-CR-111 (1) |
| | § | |
| LARRY DARNELL WESTBROOK | § | |

**O R D E R**

Came on this date to be considered Defendant's Motion Under Title 18 U.S.C. § 3582 (c) (2) for Sentence Based on 2007 Guideline Amendments. His motion is based upon Amendments 706 and 711, which were determined by the Sentencing Commission to apply retroactively. Having reviewed the motion and the file in this case, the Court has determined the motion is meritorious and should be granted.

Defendant was convicted by a jury of the following offenses: (1) conspiracy to possess with intent to distribute and to distribute "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He was sentenced to life in prison on the drug count and to a concurrent term of 240 months on the money laundering count. Defendant's sentence additionally included a total term of five years supervised release, a $3,000 fine, and a $100 mandatory special assessment. *See U.S. v. Westbrook*, 119 F.3d 1176 (5th Cir. 1997), *cert. denied sub nom. Peoples v. U.S.*, 522 U.S. 1119 (1998). His conviction and sentence were affirmed on appeal. *See U.S. v. Christopher O'Neal Jackson*, No. 03-50539 (5th Cir.January 27, 2004). A subsequent motion

under 28 U.S.C. § 2255 was denied, as was his request for a certificate of appealability. *See U.S. v. Larry Darnell Westbrook*, No. 98-51040 (5th Cir. July 15, 1999).

At the time of sentencing, the Court determined Defendant was responsible for a total of 27 kilograms of "crack" cocaine and 31 kilograms of powder cocaine, resulting in a total of 546,200 kilograms of marijuana equivalency. That amount of drugs resulted in a base offense level of 38, which was increased by two points for possession of a firearm and four points as a result of Defendant's position as leader, manager or supervisor, resulting in a total offense level of 44. With a criminal history of III, Defendant's guideline range was life.

The statute upon which Defendant relies provides, in relevant part:

> . . . [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis supplied).

In considering whether the Court should use its discretion to lower a sentence, the Court should consider the guideline range that would apply if the retroactive amendments were applied. Since Defendant was sentenced, there have been a

2

number of changes to the guidelines. Additionally, since Defendant was sentenced, the Supreme Court has determined that the guidelines are advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 200 (2005).

The application notes to the guidelines provide that the Court should consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction in a defendant's term of imprisonment is warranted and the extent of such a reduction. Application Note 1(B)(i) to Guideline § 1B1.10. In making its determination, the Court may also consider any post-sentencing conduct of a defendant that occurred after imposition of the original term of imprisonment. Application Notes 1(B)(ii) and (iii) to Guideline § 1B1.10.

Having reviewed the entire file in this case, as well as considering Defendant's post-conviction rehabilitation efforts, the Court is persuaded that Defendant's request for a reduction should be granted. At the time of sentencing, Defendant was only 23-years-old. Although he was a leader in a conspiracy that was responsible for distributing multi-kilogram quantities of "crack" and powder cocaine, he did not exhibit the increasing pattern of violence usually associated with such drug conspiracies. Most telling to the Court, Defendant has had no disciplinary infractions during the 14 years he has been incarcerated in the Bureau of Prisons. He has also completed the financial responsibility program by paying his fine and special assessment. Despite knowing he was unlikely to ever be released from prison, Defendant completed numerous courses to better himself, including completing his

GED. He also was involved in courses which enabled him to assist fellow inmates, such as the Suicide Companion Program.

In light of the foregoing, the Court is persuaded that an eight-level reduction is appropriate, resulting in a base offense level of 36. With a criminal history of III, Defendant's new guideline range is 235 to 293 months. Accordingly, it is

**ORDERED** that Defendant's Motion Under Title 18 U.S.C. § 3582(c)(2) for Reduction of Sentence is **GRANTED** and Defendant's sentence is reduced from life imprisonment to 240 months. All other aspects of Defendant's sentence which have not been completed will remain in effect.

**SIGNED** on this 9th day of July, 2009.

　　　　　　　　　　　　　　　　_/s/ Walter S. Smith, Jr._
　　　　　　　　　　　　　　　　WALTER S. SMITH, JR.
　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE